[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR NEW TRIAL DATEDMAY 9, 1994
Having reviewed all the submissions of counsel, the remarks of plaintiff's counsel during the opening statements, my own curative instructions, and considered counsels' oral arguments, defendant Shirley Gagnon's Motion for New Trial dated May 9, 1994, is denied for the following reasons:
1. Counsel for defendant Gagnon waited until plaintiff's CT Page 7979 counsel had concluded his remarks before objecting. This delay deprived the court of an opportunity to intercede. In the court's view, counsel could have objected sooner, requested a sidebar, or taken some action to inform the court that defendant found counsel's remarks to be objectionable. Defendant's failure to do so puts this issue in a distinctly different posture than it would be in had such an objection been raised in a timely fashion.
2. Motions for new trials should be granted sparingly.
3. Curative instructions should be used where any prejudice or problem can be cured. Marko v. Stop Shop, Inc.,169 Conn. 550 (1975). Such instructions were used here.
4. In this case, I have concluded that the remarks at issue, while improper and ill-advised, were not in and of themselves so prejudicial as to require a new trial.
5. Based on my observations in the courtroom, including my observations of the opening remarks, and plaintiff's counsel during the trial, I have concluded that the remarks, while ill-advised, were not intended to be malicious or malevolent. My review of the transcript of counsel's remarks, my recollection of his remarks as delivered, and my observation of the way he otherwise comported himself during trial, convinces me that he was overzealous, but not acting out of an intention to prejudice defendants.
6. Defendant Gagnon claims that what plaintiff's counsel said was so inflammatory or prejudicial that she was deprived of a fair trial. I am convinced she was not deprived of a fair trial for the following reasons:
First, the remarks were made at the beginning of the trial, prior to any evidence being taken. The jury was instructed that the remarks were argument, and not evidence, and the jury was instructed that it would be given instructions on the law by the judge at the end of the case.
Second, a strong curative instruction was given immediately after the remarks were made and following defense counsel's motions for mistrial. This curative instruction, part of the record, speaks for itself. I believe it made it clear to the jury that jurors were to disregard plaintiff's improper remarks. CT Page 7980 I observed the faces of the jurors while giving the instruction, because I was concerned that the remarks might have an impact on the fairness of the trial, and it clearly appeared to me that the jurors listened carefully and intently to the curative instructions that were given. I am unwilling to assume, as defendant does, that the jury failed to understand, or ignored, the curative instruction
Next, the results of the trial itself provide an indication that the jury carefully and deliberately considered the issues, and was in no way influenced by improper comments.
The jury decided for one defendant, and against another, suggesting careful analysis of the evidence, an ability to distinguish between competing claims, an ability to weigh the evidence dispassionately, and an ability to approach its task within the proper parameters. The amount of the verdict and the finding of some contributory negligence also indicate that the jury took a careful, measured approach in reaching its verdict.
In that same vein, the jury's answers to the interrogatories posed provide a strong indication that the jury was able to carefully and thoughtfully analyze the evidence, uninfluenced by passion or emotion, basing its decision on its view of the facts presented during the trial.
Considering all of these factors together, I am persuaded that the remarks were not in and of themselves so prejudicial as to deprive defendant of a fair trial, and that the curative instructions were effective.
Consequently, the Motion for New Trial is denied.
DOUGLAS S. LAVINE JUDGE, SUPERIOR COURT